UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jon Bradley Bartz,                                  Civ. No. 19-1577 (NEB/BRT)

          Plaintiff,

v.

Federal Bureau of Investigation,                    **REPORT AND**
and U.S. Attorney General,                          **RECOMMENDATION**

          Defendants.

This matter is before the Court on Plaintiff Jon Bradley Bartz's (1) Complaint (Doc. No. 1), and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2, ("IFP Application")). For the reasons discussed below, this Court recommends dismissing from this action (1) any claims in the Complaint for monetary relief (due to a lack of jurisdiction), and (2) any remaining claims for nonmonetary relief against the party that Bartz refers to as the "U.S. Attorney General" and the "United States Attorney General MN" (due to Bartz's failure to state a claim for which this Court can grant relief).

**I.    BACKGROUND**

The Complaint's allegations hinge on Bartz's two unsuccessful recent attempts to buy a firearm. From records attached to the Complaint, it appears that in July 2005, a Minnesota court convicted Bartz on one count of third-degree criminal sexual assault and one count of fourth-degree assault of a correctional officer. (*See* Doc. No. 1, Attach. 1,

*Bartz v. State*, No. 72-CV-19-27, Order Restoring Pet'r's Ability to Possess and Otherwise Deal with Firearms 1–2 (Minn. Dist. Ct. Apr. 25, 2019) ("State-Court Order").) Under Minn. Stat. § 624.713, subd. 1(10)(i)[1] and 18 U.S.C. § 922(g)(1),[2] these convictions barred Bartz from possessing firearms. (*See* State-Court Order 2.) Minnesota authorities discharged Bartz in January 2011. (*See id.*)

In February 2019, Bartz filed an action in Minnesota state court to restore his ability to possess firearms. *See* Register of Actions, *Bartz v. State*, No. 72-CV-19-27 (Minn. Dist. Ct.), *available at* http://pa.courts.state.mn.us (last accessed Aug. 2, 2019). Under Minn. Stat. § 609.165, subd. 1d, "[a] person prohibited by state law from . . . possessing . . . a firearm or ammunition because of a conviction . . . for committing a crime of violence may petition a court to restore the person's ability to possess . . . and otherwise deal with firearms and ammunition." A court can grant this relief "if the person shows good cause to do so and the person has been released from physical confinement." *Id.*

---

[1]  Subdivision 1 of Minn. Stat. § 624.713 sets out various categories of people who "shall not be entitled to possess ammunition or a pistol or semiautomatic military-style assault weapon or [generally] any other firearm." Subpart 10(i) of subdivision 1 includes as a category individuals who have "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."

[2]  Under 18 U.S.C. § 922(g)(1), it "shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

(Footnote Continued on Next Page)

On April 25, 2019, a Minnesota state-court judge entered an order purportedly restoring Bartz's ability to possess firearms. (*See* State-Court Order 2 ("Petitioner Jon Bradley Bartz's ability to possess, receive, ship, transport, and otherwise deal with firearms is fully restored pursuant to Minn. Stat. § 609.[165], subd. 1d.").)[3] Shortly thereafter, Bartz tried to buy a firearm from a licensed dealer, but the dealer refused to sell him the firearm because of a "NICS denial." (*See* Compl. 5.)[4] Bartz sent a "request for reasons and appeal" to the Federal Bureau of Investigation ("FBI"), but "didn't hear back for 6 weeks." (*Id.*)

On May 3, 2019, Bartz applied to his local police department for a permit to buy a firearm. (*See id.*) This application was successful, with the permit approved on May 15, 2019. (*See id.*) Two days later, Bartz again tried to buy a firearm from a licensed dealer. (*See id.*) This purchase was "initially delayed then denied on [May 21], 2019." (*Id.*) Bartz asserts that he appealed this decision as well, presumably to the FBI. (*See id.*)

In early June 2019, Bartz received a letter from the FBI denying both of his appeals. (*See id.*) That letter refers to Minn. Stat. § 624.714, subd. 24. (*See id.*; *see also* Doc. No. 1, Attach. 5, Letter from William G. McKinsey, U.S. Dep't of Justice, to Jon

---

[3]   The State-Court Order cites Minn. Stat. § 609.125, subd. 1d, here, but this is plainly a typographical error, as section 609.125 has no subdivision 1d and addresses entirely different substantive issues.

[4]   Because the Complaint is not consecutively paginated, references to the Complaint use the pagination provided by the Court's CM/ECF docketing system. By "NICS denial," the Court understands Bartz to mean that the dealer used the National Instant Criminal Background Check System to determine whether it could sell Bartz a firearm, and determined that it could not proceed with the sale.

Bradley Bartz 1 (dated June 5, 2019).) Bartz claims that this statute covers individuals who wish to *carry* a firearm, and as such is inapplicable to him, given that he only seeks to *possess* a firearm. (*See* Compl. 5.)

Bartz filed this action on June 14, 2019. (*See id.* at 1.) He names two Defendants. The first is the FBI. (*See id.*) The second is unclear. The Complaint's caption refers to the U.S. Attorney General, (*see id.*), but in the list of parties on the Complaint's second page, Bartz lists "United States Attorney General MN" and provides an address corresponding to the U.S. Attorney's Office for the District of Minnesota. (*See id.* at 2.) It is thus unclear whether Bartz seeks to sue the U.S. Attorney General (i.e., the position presently filled by William Barr) or instead seeks to sue the U.S. District Attorney for the District of Minnesota (i.e., the position presently filled by Erica H. MacDonald). In what follows, the Court will refer to this party as the "Unknown DOJ Party."

As for causes of action, Bartz alleges that the FBI has infringed his Second Amendment rights by "denying a [NICS] background check without cause," and denied his due-process rights by "not responding in a timely manner [to] inquiries or accepting further information." (*Id.* at 5.)[5] The Complaint's Request for Relief asks for (1) orders

---

5   Bartz does not specify whether his due-process claim stems from the U.S. Constitution's Fifth Amendment or its Fourteenth Amendment. (*See* Compl. 3, 5.) Because the Defendants are federal agencies or officers, and the Court should construe a *pro se* plaintiff's filings liberally, the Court will assume that Bartz means to invoke the Fifth Amendment. *See, e.g.*, *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987) (stating that "[t]he Fourteenth Amendment applies to actions by a State," not to actions associated with the federal government); *Underdahl v. Minnesota*, No. 09-CV-1843 (PAM/RLE), 2010 WL 2301328, at *13 n.9 (D. Minn.
(Footnote Continued on Next Page)

directing the FBI to update its records regarding him and to "immediately issue a UPIN" for him,[6] (2) awards of court filing fees and any attorney fees if Bartz "choose[s] to retain one," and (3) a monetary award of $1,000 for each day between April 26, 2019, and the date that "the FBI has issued a UPIN and contacted . . . Mankato Guns with a proceed on" the transaction dated May 17, 2019. (*Id.* at 4.)

## II.   ANALYSIS

In a separate Order, this Court is granting Bartz's IFP Application. Under the statute providing for IFP applications, however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Furthermore, under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This Court may therefore review the Complaint to determine whether any of its claims seek relief against immune defendants or are claims over which this Court lacks subject-matter jurisdiction.[7]

---

May 3, 2010) (making same points), *report and recommendation adopted*, 2010 WL 2301321 (D. Minn. June 4, 2010).

[6]   By "UPIN," the Court understands Bartz to mean a Unique Personal Identification Number.

[7]   While § 1915(e)(2)(B)(iii) speaks in terms of cases and actions, courts routinely use that section to dismiss *parts* of an action seeking monetary relief from immune defendants. *See, e.g.*, *Carter v. Quam*, No. 19-CV-0670 (NEB/HB), 2019 WL 3357772, at *3 (D. Minn. May 20, 2019), *report and recommendation adopted*, 2019 WL 3358714 (D. Minn. July 25, 2019); *Korb v. Estate of Consiglio*, No. 18-CV-1807 (JRT/KMM),
(Footnote Continued on Next Page)

The Complaint's crux is a claim that certain entities and officials of the federal government have infringed on Bartz's constitutional rights. (*See* Compl. 4–5.) Naming federal Defendants brings to the fore whether Bartz can bring any of his claims for monetary relief.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing cases); *see also Kratville v. U.S. Bureau of Prisons*, No. 17-CV-4453 (MJD/TNL), 2018 WL 6182591, at *2 (D. Minn. Aug. 31, 2018) (making same point), *report and recommendation adopted*, 2018 WL 6181366 (D. Minn. Nov. 27, 2018). And sovereign immunity is jurisdictional in nature: where an entity has sovereign immunity, this Court lacks jurisdiction to address claims against it. *See, e.g.*, *Meyer*, 510 U.S. at 475; *Kerber v. Carver Cty. Farm Serv. Agency*, No. 18-CV-0907 (MJD/BRT), 2018 WL 6529494, at *2 (D. Minn. Dec. 12, 2018) (quoting *Meyer*).

Bartz does not point to any applicable sovereign-immunity waiver, but the Court knows of one—5 U.S.C. § 702, part of the Administrative Procedures Act ("APA")—that

---

2018 WL 4292292, at *2 (D. Minn. Aug. 20, 2018), *report and recommendation adopted*, 2018 WL 4286411 (D. Minn. Sept. 7, 2018). Similarly, while Rule 12(h)(3) speaks of dismissing "the action," courts routinely rule to dismiss parts of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 812–14 (8th Cir. 1998) (citing Rule 12(h)(3) and determining that district court lacked subject-matter jurisdiction over part of action); *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-CV-0939 (WMW/DTS), 2019 WL 1060831, at *2–4 (D. Minn. Mar. 6, 2019) (citing Rule 12(h)(3) and dismissing certain claims due to lack of subject-matter jurisdiction).

6

seems to apply to part of Bartz's action. Section 702 waives federal sovereign immunity for certain actions for nonmonetary relief:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

*Id.*; *see also, e.g.*, *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) ("The APA generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" (quoting § 702)); *Munt v. Roy*, No. 18-CV-3390 (DWF/ECW), 2019 WL 3292052, at *2 (D. Minn. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 2537933 (D. Minn. June 20, 2019) ("This part of § 702 constitutes a waiver of the United States's sovereign immunity and permits certain federal court claims against the federal government and its agencies.").

Because § 702's waiver applies only to claims for nonmonetary relief, sovereign immunity still applies to—and bars—the Complaint's claims for monetary relief. This Court thus lacks jurisdiction over those claims. As a result, the Court recommends dismissing them without prejudice.

This leaves intact—for now—Bartz's claims for nonmonetary relief. But as part of screening under 28 U.S.C. § 1915, this Court may also dismiss portions of a matter that

"fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii). In reviewing whether a complaint states a claim on which this Court can grant relief, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but they must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Pro se* complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Under these guidelines, the Complaint fails to state a claim permitting relief from the Unknown DOJ Party. The Complaint has no allegations about this Defendant whatsoever. (*See* Compl. 4–5 (containing full list of allegations).) The Court thus recommends dismissing the Unknown DOJ Party from the remaining portion of this action, without prejudice, because Bartz has failed to state a claim on which relief can be granted against that Defendant.

Accordingly, the only claims from the Complaint that survive are Bartz's claims for nonmonetary relief (based on the Second Amendment and Fifth Amendment) against

the FBI. In a separate Order, the Court will order Bartz to provide service information for the FBI so that this matter can proceed on those claims.[8]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The portions of Plaintiff Jon Bradley Bartz's Complaint (Doc. No. 1) seeking monetary relief are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. The portions of the Complaint seeking nonmonetary relief against the Defendant alternatively named as "U.S. Attorney General" and "United States Attorney General MN" is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief can be granted.

Dated: September 11, 2019    *s/ Becky R. Thorson*
                              BECKY R. THORSON
                              United States Magistrate Judge

---

[8] The Court is aware of 18 U.S.C. § 925A, which permits certain individuals "denied a firearm" to bring suit for certain sorts of nonmonetary relief. Furthermore, in a § 925A action, "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." It is unclear to the Court whether Bartz could bring suit under this provision—and if so, whether § 925A is the exclusive route to some or all of the relief the Complaint seeks. At this point, however, Bartz does not claim to bring this action under § 925A, so the Court will consider these issues (if at all) at a later time.

9

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).